**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------------- X

SIGNIFY HOLDING B.V. f/k/a                                  CIVIL NO. 1:21-CV-09472 (JGK)
PHILIPS LIGHTING HOLDING B.V.
                                                            **ANSWER**
     Plaintiff,

-v-

TP-LINK RESEARCH AMERICA CORPORATION and
TP-LINK USA CORPORATION

     Defendants.

-------------------------------------------------------------------------------------- X


     Defendants TP-Link Research America Corporation ("TP-RA") and TP-Link USA

Corporation ("TP-USA" and, together with TP-RA, "Defendants"), as and for their answer to the

complaint, state upon knowledge as to themselves and their own actions and upon information

and belief as to all other matters as follows:

<u>Response to "Parties"</u>

     1.     Deny knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in paragraph 1.

     2.     Deny the allegations in paragraph 2, and, without limiting the foregoing, state that

TP-RA is no longer operating.

     3.     Admit the allegations in paragraph 3.

**Response to "Nature of the Action"**

4.      Paragraph 4 purports to describe the nature of the action, and as such no response is required.  To the extent that paragraph 4 may be deemed to assert factual allegations, deny the allegations in paragraph 4.

**Response to "Jurisdiction and Venue"**

5.      Paragraph 5 states legal conclusions to which no response is required.

6.      Paragraph 6 states legal conclusions to which no response is required.  Defendants admit that TP-RA and Plaintiff entered into the License Agreement.  Defendants respectfully refer the Court to the License Agreement for its complete and accurate contents.

7.      Paragraph 7 states legal conclusions to which no response is required.  Defendants admit that TP-RA and Plaintiff entered into the License Agreement.  Defendants respectfully refer the Court to the License Agreement for its complete and accurate contents.

**Response to "Factual Background"**

8.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8, except admit that Signify is a company involved in LED lighting.

9.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9, except admit that Defendants are aware that Signify holds certain purported patents.

10.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10, except admit that Defendants are aware that Signify licenses its purported patents.

11.    Admit that Defendants sold products containing Signify's technology pursuant to a license agreement between Signify and TP-RA and otherwise deny the allegations in paragraph 11.

12.    Defendants admit that TP-RA entered into the contract referred to in the complaint as the License Agreement, but deny that its "Affiliates" entered into the License Agreement.  Defendants respectfully refer the Court to the License Agreement for its complete and accurate contents and otherwise deny the remaining allegations in paragraph 12.

13.    Defendants respectfully refer the Court to the License Agreement for its complete and accurate contents.

14.    Paragraph 14 states legal conclusions to which no response is required.

15.    Paragraph 15 states legal conclusions to which no response is required.

16.    Defendants respectfully refer the Court to the License Agreement for its complete and accurate contents.

17.    Deny that any Affiliates had obligations to Signify under the License Agreement, respectfully refer the Court to the License Agreement for its complete and accurate contents, but admit that since it stopped operating in 2020, TP-RA has not made any payments under the License Agreement or provided reports.

18.    Defendants respectfully refer the Court to the License Agreement for its complete and accurate contents and otherwise deny the allegations in paragraph 18.

19.    Admit the allegations in paragraph 19.

20.    Admit the allegations in paragraph 20.

21.    Deny the allegations in paragraph 21.

22.    Deny the allegations in the first sentence of paragraph 22.

3

(i)     Deny the allegations in paragraph 22(i).

(ii)    Deny the allegations in paragraph 22(ii).

(iii)   Deny the allegations in paragraph 22(iii).

(iv)    Deny the allegations in paragraph 22(iv).

(v)     Deny the allegations in paragraph 22(v), except admit that TP-USA has a

place of business at 10 Mauchly, Irvine, California 92618.

(vi)    Deny the allegations in paragraph 22(vi).

(vii)   Deny the allegations in paragraph 22(vii).

(viii)  Admit that TP-RA is no longer operating and as a result does not have

adequate funding to continue as an operating company.

23.     Deny the allegations in paragraph 23, except admit that Signify has made certain

requests of Defendants.

24.     Deny the allegations in paragraph 24, including that any party besides TP-RA had

obligations under the License Agreement, but admit that TP-RA has not made certain royalty

payments since the third quarter of 2020 when it ceased operating.

25.     Paragraph 25 states legal conclusions to which no response is required.

26.     Paragraph 26 states legal conclusions to which no response is required.

27.     Deny the allegations in paragraph 27.

<u>**Response to "First Claim for Relief"**</u>

28.     Defendants reiterate their responses to paragraphs 1 through 27.

29.     Paragraph 29 states legal conclusions to which no response is required.  To the

extent that a response is required, admit that the License Agreement is in effect, respectfully

refer the Court to the License Agreement for its full and accurate contents, and otherwise deny

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

paragraph 29.

30.     Deny knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in paragraph 30.

31.     Deny the allegations in paragraph 31, including that any party besides TP-RA had

obligations under the License Agreement, but admit that, since TP-RA stopped operating, it has

not made certain royalty payments or provided certain royalty reports.

32.     Deny the allegations in paragraph 32, including that any party besides TP-RA had

obligations under the License Agreement, but admit that, since TP-RA stopped operating, it has

not made certain royalty payments or provided certain royalty reports.

33.     Deny the allegations in paragraph 33.

34.     Paragraph 34 states legal conclusions to which no response is required.  To the

extent that paragraph 34 may be deemed to assert factual allegations, deny the allegations in

paragraph 34.

35.     Paragraph 35 purports to describe relief sought by the plaintiffs, and as such no

response is required.  To the extent that paragraph 35 may be deemed to assert factual

allegations, deny the allegations in paragraph 35.

**Response to "Second Claim for Relief"**

36.     Defendants reiterate their responses to paragraphs 1 through 35.

37.     Paragraph 37 states legal conclusions to which no response is required.  To the

extent that a response is required, admit that the License Agreement is in effect, respectfully

refer the Court to the License Agreement for its full and accurate contents, and otherwise deny

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

paragraph 37.

5

4861-8102-8872\5

38.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38.

39.     Deny the allegations in paragraph 39.

40.     Paragraph 40 states legal conclusions to which no response is required.  To the extent that paragraph 40 may be deemed to assert factual allegations, deny the allegations in paragraph 40.

41.     Paragraph 41 states legal conclusions to which no response is required.  To the extent that paragraph 41 may be deemed to assert factual allegations, deny the allegations in paragraph 41.

<u>**Response to "Third Claim for Relief"**</u>

42.     Defendants reiterate their responses to paragraphs 1 through 41.

43.     Defendants respectfully refer the Court to the License Agreement for its complete and accurate contents.

44.     Paragraph 44 states legal conclusions to which no response is required.  To the extent that paragraph 44 may be deemed to assert factual allegations, deny the allegations in paragraph 44.

45.     Paragraph 45 states legal conclusions to which no response is required.  To the extent that paragraph 45 may be deemed to assert factual allegations, deny the allegations in paragraph 45.

46.     Paragraph 46 states legal conclusions to which no response is required.  To the extent that paragraph 46 may be deemed to assert factual allegations, deny the allegations in paragraph 46.

4861-8102-8872\5

**Response to "Prayer for Relief"**

47.     Deny that plaintiff is entitled to any judgment or relief, legal, equitable, or

otherwise, either as prayed for in the complaint or otherwise.

**AFFIRMATIVE DEFENSES**

Without conceding or assuming that they bear the burden of proof as to any of them,

Defendants assert the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver and

unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.


Dated:   New York, New York              **DORSEY & WHITNEY LLP**
         January 10, 2022



                                         By  /s/ *Daniel P. Goldberger*
                                             Daniel P. Goldberger
                                             goldberger.dan@dorsey.com
                                             Patrick Albergo
                                             albergo.patrick@dorsey.com
                                         51 West 52nd Street
                                         New York, NY 10019
                                         (212) 415-9200

4861-8102-8872\5