**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SIGNIFY HOLDING B.V. f/k/a
PHILIPS LIGHTING HOLDING B.V.

                  Plaintiff,

      vs.

TP-LINK RESEARCH AMERICA CORPORATION
and TP-LINK USA CORPORATION

                  Defendants.

Civil Action No.
1:21-cv-09472-JGK-KHP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___06/02/2022___

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES HERETO THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, THAT: Each of the parties to this action, Plaintiff Signify Holding B.V. and Defendants TP-Link Research America Corporation and TP-Link USA Corporation, asserts that the parties to this action possess information that one or more parties contends is confidential. The parties wish to ensure that such confidential information shall not be made public, and that its confidentiality is maintained. In addition, it is likely that the parties would seek information from nonparties that such nonparties would consider confidential.

Accordingly, the following procedure shall be adopted for the protection of the parties' and nonparties' confidential information:

## DEFINITIONS

1.    CONFIDENTIAL INFORMATION means any document or thing, as defined by Rule 34 of the Federal Rules of Civil Procedure (hereinafter collectively referred to as

"Documents"), and any other information considered in good faith by any party or nonparty producing such Documents or information to be confidential because it contains or constitutes financial data, technical data, corporate structure information, ownership information or other information considered by such producing party to be confidential, unless and until such time as such information is found not to be confidential pursuant to the provisions of this Stipulated Protective Order ("Order").

2.      HIGHLY CONFIDENTIAL INFORMATION means any CONFIDENTIAL INFORMATION that the producing party believes in good faith constitutes trade secret or commercially sensitive competitive information, including, but not limited to, CONFIDENTIAL INFORMATION obtained from a nonparty pursuant to a current Nondisclosure Agreement (NDA), CONFIDENTIAL INFORMATION relating to future products not yet commercially released, strategic plans, marketing information, financial information, consumer account or transaction information, and any other information the disclosure of which is likely to cause harm to the competitive position of the producing party. HIGHLY CONFIDENTIAL INFORMATION shall be for attorney's eyes only, and distributed in accordance with Paragraph 9.

## DESIGNATION & MARKING OF INFORMATION

3.      Each producing party may produce certain of its Documents for inspection by counsel of record to a party to this action, or may produce and deliver Documents without prior inspection, which may contain CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION as well as non-confidential information. To protect any and all CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION contained in Documents produced for inspection before being marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the inspecting party shall assume that all Documents produced for inspection

are HIGHLY CONFIDENTIAL INFORMATION of the producing party and shall treat all such Documents as HIGHLY CONFIDENTIAL INFORMATION until the producing party has had the opportunity to designate and mark them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as required by paragraph 4, or for 30 calendar days, whichever comes first.  With respect to Documents produced and delivered by one party without inspection by an opposing party, the producing party shall mark CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION as required by paragraph 4 before delivering them.

4.     For any Document or other information that the producing party deems to be CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the producing party shall prominently mark each page of the Document or other information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to delivering it to an opposing party. With respect to Documents or other information produced in electronic form, the producing party shall mark each page of each Document or other information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as far as is practicable for the particular electronic format in which the Document or other information is produced. All copies of Documents or other information produced by any party, and any abstract, extract, excerpt, summary, memorandum, or other paper embodying information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Order, shall be marked as required by this paragraph.

5.     Whenever a deposition involves a disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the following procedure shall be followed:

(a)     At the request of the party whose CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION is disclosed, the reporter shall prominently mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the

transcript containing CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. Such request shall be made on the record whenever possible, but any party may designate portions of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION after transcription, provided that written notice of the designation is provided to the opposing party within thirty (30) calendar days after receipt of the transcript of the deposition by the designating party.

(b)     At the designating party's option, the reporter shall separate all portions of a deposition transcript designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by the designating party during a deposition, and bind such portions separately from the non-confidential portions of the deposition transcript. The reporter shall prominently mark as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the cover and each page of such separately bound portions of the deposition transcript.

(c)     The dissemination of all separately bound deposition transcripts designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, and all portions of transcripts designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, shall be limited to persons identified in paragraphs 7, 8, and 9 hereof.

(d)     As a condition for allowing any former employee of a producing party to provide CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION to the parties in this action, the party obtaining the information shall treat all information obtained from such former employee as CONFIDENTIAL or HIGHLY CONFIDENTIAL

INFORMATION unless and until: 1) the information has been or is obtained through other proper means such that it is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION; 2) the former employing party agrees that the information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION; or 3) a court of competent jurisdiction decides that the information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

6.      The Court's adoption of this Order does not allow a party to file at any time material marked CONFIDENTIAL or HIGHLY CONFIDENTIAL without separately filing a motion to seal such material. Any party filing a motion to seal in this action shall only include the specific material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, and shall also file a redacted public version of the document in which only the specific material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION is redacted from the document.

## ACCESS TO CONFIDENTIAL INFORMATION

7.      All Documents, deposition transcripts (or portions thereof), or other information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by a producing party in this action shall be maintained according to this Order and used solely in connection with this action, unless otherwise agreed by the producing party, and all such confidentiality obligations herein shall survive the completion of the litigation. Nothing shall prevent the disclosure of any Documents, deposition transcripts (or portions thereof), or other information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION (1) by the party who designated the information CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION,

or (2) to any employee of such designating party, or (3) to any nonparty who authored such information, or (4) to any nonparty who had previous knowledge of the specific CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. For purposes of this Order, "previous knowledge" shall mean information which as to the recipient was, as a matter of written record (i) already known to the nonparty from sources that owed no obligation of confidentiality to the producing party, (ii) independently developed by the nonparty, (iii) obtained from the producing party without having been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION (subject to paragraphs 3 and 17 hereof), or (iv) received by the nonparty after disclosure in this action from a third party having the right to make such disclosure.

8.     Access to CONFIDENTIAL INFORMATION shall be restricted to the following persons:

    (a)     Outside counsel of record for a party and employees and vendors of such counsel assigned by and necessary – in such counsel's reasonable judgment – to assist such counsel in the preparation and trial of this action;

    (b)     Court personnel, including stenographic reporters engaged in proceedings incidental to the preparation for trial and/or trial of this action, including court reporters and their transcribers, and videographers;

    (c)     Authors, addressees, and recipients of the specific CONFIDENTIAL INFORMATION, and persons with previous knowledge of the specific CONFIDENTIAL INFORMATION;

    (d)     Experts or consultants retained to assist the outside counsel of record, who are not now and have no current plans to become employees of a party, and who agree in writing to be bound by the terms of this Order. No such expert or consultant may

be given access to CONFIDENTIAL INFORMATION until the conditions set forth in paragraph 10 are met;

(e)    No more than three (3) employees for each party at any one time, provided that each such employee is involved in the prosecution or defense of this action and has the need to know such information in the prosecution or defense of this action;

(f)    Any other person(s) designated by Order of the Court, after notice to all parties herein;

(g)    Any other person(s) designated jointly by the parties.

9.    Access to HIGHLY CONFIDENTIAL INFORMATION shall be restricted to the following persons:

(a)    Outside counsel of record for a party and employees and vendors of such counsel assigned by and necessary – in such counsel's reasonable judgment – to assist such counsel in the preparation and trial of this action;

(b)    Court personnel, including stenographic reporters engaged in proceedings incidental to the preparation for trial and/or trial of this action, including court reporters and their transcribers, and videographers;

(c)    Authors, addressees, and recipients of the specific HIGHLY CONFIDENTIAL INFORMATION, and persons with previous knowledge of the specific HIGHLY CONFIDENTIAL INFORMATION;

(d)    Experts or consultants retained to assist the outside counsel of record, who are not now and have no current plans to become employees of a party, and who agree in writing to be bound by the terms of this Order.  No such expert or consultant may

be given access to HIGHLY CONFIDENTIAL INFORMATION until the conditions set forth in paragraph 10 are met;

(e)     Any other person(s) designated by Order of the Court, after notice to all parties herein;

(f)     Any other person(s) designated jointly by the parties.

10.     No CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION of an opposing party may be disclosed to any person under paragraphs 8(d)-(g) or 9(d)-(f) of this Order until each of the following preconditions is met:

(a)     The proposed person shall be provided with a copy of this Order;

(b)     The proposed person shall be advised that he/she is bound by this Order; and

(c)     The proposed person shall sign a document in the form of EXHIBIT A to this Order. If the person to which a party wishes to disclose CONFIDENTIAL INFORMATION of an opposing party is a legal entity, EXHIBIT A must be signed by a person authorized to bind such entity, and such person, by signing EXHIBIT A, agrees and promises to advise its personnel of the obligations imposed by this Order and their obligation to comply with such obligations.

## **CHALLENGES TO CONFIDENTIAL DESIGNATIONS**

11.     The receipt by a party of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by a producing party shall not be construed as an agreement by the receiving party that such information is in fact confidential to the producing party, and shall not operate as a waiver of the receiving party's right to challenge any such designation.

12.     In the event of any dispute with respect to the propriety or correctness of the designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the parties

shall attempt to resolve the dispute by negotiation. If such negotiations fail, either party may move for an appropriate order. The information shall be treated as designated by the producing party until the dispute is resolved, either by an express written agreement between the parties or by order of the Court.

13.     No party shall be obligated to challenge the propriety or correctness of the other party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, and a failure to do so shall not preclude a subsequent challenge to such designation.  The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall rest upon the designating party, except that the burden of proving the exceptions set forth in paragraph 16 shall rest on the party asserting such exceptions.

## INADVERTENT PRODUCTION

14.     Any inadvertent production of any Document or information that may contain CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION that has been inadvertently produced without identification as to its confidential nature may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the receiving party identifying the Document or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION within a reasonable time following the discovery that the Document or information has been produced without such designation.  Any party receiving such improperly-designated documents shall retrieve such Documents from persons not entitled to receive those Documents and obtain confirmation in writing that such person or persons that they will not use the information or documents for any purpose other than this action.

15.     Any inadvertent production of any privileged or work product material will not result in or be construed as a waiver, in whole or in part, of (a) the producing party's claims of privilege or work product either as to the specific information inadvertently disclosed or more generally as to the subject matter of the information disclosed, or (b) the producing party's right to designate the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Order. In the event of inadvertent production of privileged or work product material, upon notice of such disclosure, all originals and copies thereof shall be immediately returned to the producing party, and such returned material shall be deleted from any litigation support or other database.  If the inadvertently produced material was produced on production media that also contained properly produced Documents, the producing party shall produce replacement production media containing all properly produced Documents prior to the deletion or return of any inadvertently produced Document (such that the receiving party will have a copy of all Documents previously and properly produced). All notes or other work product reflecting the contents of such inadvertently disclosed privileged material shall be destroyed. This provision is intended to, and shall, provide the parties with the fullest protections available under Federal Rule of Evidence 502(d).

## **EXCEPTIONS TO CONFIDENTIALITY**

16.     Any Documents, deposition transcripts (or portions thereof) , or other information bearing a CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION designation may be declared non-confidential (and therefore not subject to this Order) by the Court, upon motion of a party, to the extent that the moving party proves to the Court's satisfaction that such Documents, deposition transcripts (or portions thereof), or other information contain:

(a)     information which at the time of disclosure was available to the public;

(b)     information which after disclosure to the receiving party in this action becomes available to the public through no act or failure to act by or on behalf of the receiving party, including the persons identified in paragraphs 8-9;

(c)     information which as to the receiving party (including the persons identified in paragraphs 8-9 hereof) was as a matter of written record (i) already known to the receiving party from sources that owed no obligation of confidentiality to the producing party, (ii) independently developed by the receiving party, (iii) obtained from the producing party without having been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION (subject to paragraphs 3 and 17 hereof), or (iv) received after disclosure in this action from a third party having the right to make such disclosure; or

(d)     information that is not a trade secret, or otherwise confidential, under governing law.

## SUBSEQUENT DESIGNATION

17.     If a producing party produces any Document or other information, or provides any deposition testimony, containing information that it deems CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION without marking such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing or providing party shall promptly upon discovery of such disclosure inform the receiving party in writing. Upon receiving such notice, the receiving party shall treat the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION until the parties either agree that such information need not be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, or until the Court rules that such information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. To

the extent that such Document, deposition transcript (or portions thereof) , or other information were disclosed to persons other than persons described in paragraphs 8-9 hereof, the receiving party shall make reasonable efforts to retrieve the information promptly from such persons and to avoid any further disclosure to such persons.

## POST-LITIGATION OBLIGATIONS

18.    Within thirty (30) calendar days after the completion of the litigation and all appeals, the receiving party shall return or destroy all Documents, deposition transcripts (or portions thereof), and other information received from a producing party and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and all copies, abstracts, extracts, excerpts, and summaries thereof, except that counsel for each party may retain (a) one copy of all such Documents not marked HIGHLY CONFIDENTIAL, deposition transcripts (or portions thereof), and other information, and (b) all such Documents not marked HIGHLY CONFIDENTIAL, deposition transcripts (or portions thereof), and other information incorporated into counsel's working files.

## OTHER

19.    Nothing in this Order shall preclude any party from seeking and obtaining, by motion to the Court, additional protection with respect to the confidentiality or non-confidentiality of Documents, deposition transcripts (or portions thereof), or other information, or relief from this Order with respect to particular Documents, deposition transcripts (or portions thereof), or other information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION hereunder.

20.    Nothing in this Order, and no CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION designation, shall prevent counsel from advising their respective clients in any

way relating to this action, provided that counsel does not disclose to its client any information designated by the producing party as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

NOW THEREFORE, the parties hereby stipulate, agree, and request that this Court enter an order requiring that the procedures set forth above shall be adopted for the protection of the parties' respective CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

Dated: June 1, 2022

STIPULATED and AGREED to by:

/s/ Jeremy P. Oczek

_____

**BOND, SCHOENECK & KING, PLLC**
Jeremy P. Oczek
Heath J. Szymczak (*pro hac vice*)
200 Delaware Avenue, Suite 900
Buffalo, NY 14202
Telephone: (716) 416-7000
Fax: (716) 416-7001
Email: jpoczek@bsk.com
Email: hszymczak@bsk.com

***Attorneys for Plaintiff***

/s/ Kristopher L. Reed (with permission)

_____

**KILPATRICK TOWNSEND & STOCKTON LLP**
Brian O'Reilly
The Grace Building
1114 Avenue of the Americas
New York, NY USA 10036
Telephone: (212) 775-8721
Email: boreilly@kilpatricktownsend.com

Kristopher L. Reed (*pro hac vice*)
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 922-7100
Email: kreed@kilpatricktownsend.com

Edward J. Mayle (*pro hac vice*)
1400 Wewatta St., Ste. 600
Denver, CO 80202
Telephone: (303) 571-4000
Email: emayle@kilpatricktownsend.com

***Attorney for Defendants***

## **ORDER**

**SO ORDERED.**

Dated:___**June 2nd**_____, 2022

HON. KATHARINE H. PARKER
U.S. MAGISTRATE JUDGE

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SIGNIFY HOLDING B.V. f/k/a
PHILIPS LIGHTING HOLDING B.V.

               Plaintiff,

        vs.

TP-LINK RESEARCH AMERICA CORPORATION
and TP-LINK USA CORPORATION

               Defendants.

---

Civil Action No.
1:21-cv-09472-JGK-KHP

## **AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER**

STATE OF _____

COUNTY OF _____

I, _____, declare that:

    1.    My address is _____

    2.    My present employer is _____

    3.    My present occupation or job description is _____

    4.    I am a citizen of _____

    5.    I have been provided a copy of the Stipulated Protective Order regarding CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION in this case signed by counsel for the litigants and/or by Judge Koeltl of the United States District Court for the Southern District of New York.

    6.    I have carefully read and understand the provisions of the Protective Order.

7.      I will comply with all of the provisions of the Protective Order.

8.      I will hold in confidence and not disclose to anyone not authorized under the Protective Order any documents or other materials containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, as well as any abstracts, extracts, excerpts, and summaries thereof containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, prepared by or disclosed to me.

9.      Upon request, I will return to counsel for the party from which I receive, or by whom I am designated, employed, or retained, all documents or other materials in my possession containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, as well as all abstracts, extracts, excerpts, and summaries thereof, and copies thereof.

10.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case, as to which this undertaking is an integral part.

11.     I certify under penalty of perjury that the foregoing is true and correct.


Executed on _____


Signature _____