```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____                │
│ DATE FILED: _8/25/2022____           │
└─────────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

SIGNIFY HOLDING B.V. f/k/a
PHILIPS LIGHTING HOLDING B.V.,

                           Plaintiff,

               -against-

TP-LINK RESEARCH AMERICA CORP. and
TP-LINK USA CORP.,

                          Defendants.

-----------------------------------------------------------------X

**21-CV-9472 (JGK) (KHP)**

**<u>OPINION AND ORDER</u>**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Plaintiff Signify Holding B.V. ("Signify"), a Netherlands corporation, brings this action against Defendant TP-Link Research America Corp. ("TP-Link"), principally for breach of a contract under which TP-Link was granted licenses to certain patents in exchange for payment of royalties. According to Signify, TP-Link has failed to provide required reporting on revenues and pay contractually required royalties. Jurisdiction is premised on the diversity of the parties. Venue is in this District because the contract provides for resolution of claims in this District.

The parties now dispute whether TP-Link's witness designated for purposes of a Rule 30(b)(6) deposition must be provided a Mandarin language interpreter at Signify's expense. Signify points out that TP-Link is a U.S.-based company whose corporate communications have been in English. The designated witness, Deyi Shu, although a native Mandarin speaker, has communicated with Signify exclusively in English over the past four years. (*See* ECF No. 51.) Signify has provided a Declaration from its Senior IP Counsel, Joshua Matthews, who attests that all of his communications with Shu (both verbal and written) have been conducted in English. (*Id*.) Signify also provides examples of Shu's extensive business dealings—all conducted in English. (*Id*.) It also points out that Shu verified TP-Link's interrogatory

responses, which are in English, and submitted a declaration in another federal case in English in support of TP-Link's motion to dismiss.  (*Id*.)   Based on his demonstrated competence in the English language, Signify contends that conducting the deposition in Mandarin will lead to unnecessary costs and delay.  (*Id*.)

For its part, TP-Link does not deny that Shu has communicated with Signify extensively in English.  Rather, it argues that providing testimony under oath is different than everyday business communications and that it wants to be certain Shu's testimony is fully accurate.  (ECF No. 60.)  It explains that its legal counsel assisted Shu with the legal declarations and certifications that he has thus far provided in this case, whereas he will be testifying on his own in the deposition.  (*Id.*)  Because the contract upon which this case is premised provides for application of New York law, TP-Link suggests that New York CPLR § 3114 should govern the resolution of this dispute.  (*Id.*)  New York CPLR § 3114 provides:

> If the witness to be examined does not understand the English language, the examining party must, at his own expense, provide a translation of all questions and answers. Where the court settles questions, it may settle them in the foreign language and in English.  It may use the services of one or more experts whose compensation shall be paid by the party seeking the examination and may be taxed as a disbursement.

New York CPLR § 3114.

## DISCUSSION

It is well established that in diversity cases, the court applies state substantive law and federal procedural law.  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Sarkees v. E.I. Dupont De Nemours & Co.*, 15 F.4th 584, 588 (2d Cir. 2021).  Questions can arise, however, as to whether a law is substantive or procedural. Generally, where there is a controlling Federal Rule, the Court should apply it unless the Federal

Rule violates the Rules Enabling Act or Constitutional restrictions.  *Hanna v. Plumer*, 380 U.S. 460, 471 (1965); *Sarkees*, 15 F.4th at 588.

Based on these principles, courts have recognized that certain aspects of New York's CPLR are not applicable to federal proceedings.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (New York state law limiting class actions not enforceable in diversity cases in federal court; rather, Federal Rule of Civil Procedure 23 governed); *Acceptance Indem. Ins. Co. v. JJA Auto Sales, LLC*, 2017 WL 1333612, *3-4 (E.D.P.A. Feb. 3, 2017) (New York CPLR § 3116 addressing how depositions are to be conducted is not applicable in a federal diversity case); *Milano by Milano v. Freed*, 767 F. Supp. 450 (E.D.N.Y. 1991) (holding that pleading requirements of Federal Rule of Civil Procedure 8 governed rather than New York law).

Even though the contract between Signify and TP-Link provides that New York law governs the contract, that provision does not trump application of the Federal Rules in federal court.  Private parties cannot prohibit the federal court from applying its own procedural rules. By submitting their dispute to federal court, the parties also submitted to federal procedural rules except in circumstances that are not presented here.  Thus, federal law governing the conduct of depositions applies.

Federal Rule of Civil Procedure 30 does not address whether an interpreter must be provided to a non-English speaking corporate designee.  It does state that deposition testimony must proceed in the same manner as at trial with certain exceptions not applicable here.  Fed. R. Civ. P. 30(c)(1).  Federal Rule of Civil Procedure 43 recognizes that some witnesses may require an interpreter when testifying at trial and that the Court may fix reasonable compensation to be paid from funds provided by law or by one or more parties and tax the compensation as costs.  Fed. R. Civ. P. 43(d).  Rule 604 of the Federal Rules of Evidence further

provides that any interpreter "must be qualified and must give an oath or affirmation to make a true translation."  Fed. R. Evid. 604.  Because depositions must proceed in a similar manner as trial testimony, Federal Rule of Civil Procedure 43 and Federal Rule of Evidence 604 apply equally to the conduct of depositions.  Under these rules, the Court has the discretion to require one or more parties to pay for the translator and later award costs to the prevailing party if applicable.  Thus, this Court has discretion in determining who should pay for the interpreter at this point in the proceeding, which is consistent with its broad discretion in overseeing discovery generally.

Notably, notwithstanding New York CPLR § 3114's statement that the party seeking the examination pay for an interpreter, New York courts also recognize that they have discretion to shift the costs on a motion under New York CPLR § 3103(a) and under their broad discretion to regulate discovery.  *Ozen v. Yilmaz*, 181 A.D.2d 666, 580 N.Y.S.2d 468 (2d Dep't 1992) (court did not err in shifting expenses of interpreter from plaintiff to defendant); *Born to Build LLC v. Salah*, 43 Misc.3d 1213(A), 2014 WL 1492130, *2 (N.Y. Sup. Ct. Nassau Co. 2014) (shifting cost of interpreter to defendant because its designated witness had testified in English previously and shown sufficient command of the English language).  Thus, the New York procedural rule on which TP-Link relies has not been interpreted as rigidly as Defendant suggests.  In other words, federal law and state law both grant the trial court discretion to impose the cost of the translator on the party seeking the deposition or the party being deposed.

In this case, there is strong evidence that Shu can communicate effectively in English and has in fact attested to legal documents in English.  It appears that TP-Link's designated witness would simply be more comfortable testifying with the aid of an interpreter to ensure he understands the questions and that his answers are correct.  At the same time, unlike in some

other cases, this Court has not had the opportunity to observe Shu to independently evaluate his proficiency in English and acknowledges that, based on the complexity of the questions, an interpreter might be needed or at the very least helpful. *See, e.g., Bethlehem Area School Dist. V. Zhou*, 2011 WL 1584083 at *1-2 (E.D.P.A. Apr. 27, 2011).

It is in both parties' interest to ensure that Shu can understand and properly answer all the questions in the deposition. And, notwithstanding the fact that use of an interpreter may slow the deposition down, the Court can address this by allowing for extra time should it be necessary. Courts have permitted interpreters in similar circumstances but charged the costs to the party requesting the interpreter. *Id.* at *2*; see also REFCO v. Afincomex & Banco Ganadero*, 1993 WL 498074 (S.D.N.Y. Nov. 30, 1993); *PayCargo, LLC v. Galbreath*, 2021 WL 8895467 (S.D.FL. Apr. 27, 2021). In this situation, the Court finds that the best course of action is to permit an interpreter and charge the costs of the interpreter's services to TP-Link. While TP-Link shall pay the costs of the interpreter's services, each party shall cover any ancillary costs accrued to that party as a result of any delay caused by the use of the interpreter, such as attorneys' fees. In order to minimize costs and delays caused by use of the interpreter, TP-Link is encouraged, but not required, to limit the use of the interpreter to an as-needed basis rather than for every question and response. *See, e.g. Zhou*, 2011 WL 1584083; *Goyette v. DCA Advert. Inc.*, 1991 WL 639599 (S.D.N.Y. Sept. 16, 1991).

At the end of the case, if TP-Link prevails in its defenses, it may apply for an award of costs, including the costs of the translator, pursuant to Rule 54.

**SO ORDERED.**

DATED:       New York, New York
             August 25, 2022

_____
KATHARINE H. PARKER
United States Magistrate Judge