**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
SIGNIFY HOLDING B.V. f/k/a
PHILIPS LIGHTING HOLDING B.V.,

                                 Plaintiff,

                 -against-

TP-LINK RESEARCH AMERICA CORP. and
TP-LINK USA CORP.,

                                 Defendants.
-----------------------------------------------------------------X

**21-CV-9472 (JGK) (KHP)**

**OPINION AND ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On July 29, 2022, Plaintiff Signify Holding B.V. ("Signify") filed a motion to compel Defendants ("TP-Link") to produce documents that TP-Link argues are in the possession of non-party TP-Link Corporation Limited ("TPC"). (ECF No. 63). TP-Link responded to that motion on August 18, 2022. (ECF Nos. 68, 69.) In connection with TP-Link's response, the parties jointly moved to file under seal an unredacted version of TP-Link's opposition brief and two exhibits attached to that brief. (ECF No. 67.) These documents are currently filed under seal at ECF Nos. 68, 68-2, and 68-3, with redacted versions at ECF No. 69. The Court now considers the motion to seal and will separately consider the motion to compel.

For the reasons stated below, the motion to seal is denied without prejudice to a more narrowly tailored motion.

**LEGAL STANDARDS**

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,

814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch*, 435 F.3d at 119).  Documents submitted for the Court's consideration in relation to a motion to compel discovery are judicial documents. *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014). To overcome the presumption of public access over a judicial document, the court must make "specific, on the record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest."  *Lugosch,* 435 F.3d at 120 (citation omitted).

"Higher values" the preservation of which might warrant sealing include the protection of sensitive business information the public disclosure of which "may provide valuable insights into a company's current business practices that a competitor would seek to exploit."  *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

A sealing request is "narrowly tailored" when it seeks to seal *only* that information that needs to be sealed in order to preserve higher values.  *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).  Portions of documents "with no apparent relation" to sensitive material generally should not be redacted or sealed. *Id*. (denying motion to seal where proposed redactions were "extensive" and covered non-commercially sensitive information); *cf. Cunningham v. Cornell Univ.*, 2019 WL 10892081, at *2 (S.D.N.Y. Sept. 27, 2019) (granting motions to seal where proposed redactions were "limited" to cover only commercially sensitive information).

It is well established that "bargained-for confidentiality does not overcome the presumption of access to judicial documents."  *Susquehanna Int'l*, 2021 WL 3540221, at *3 (collecting cases).  Thus, the fact that material may be designated by the parties as confidential under a protective order is not sufficient to overcome the presumption of public access once

the material becomes a judicial document. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

## ANALYSIS

The documents in question were submitted in opposition to Plaintiff's motion to compel discovery and thus they are "judicial documents" to which a presumption of the right of public access attaches. *Alexander Interactive, Inc.*, 2014 WL 4346174, at *2. Accordingly, for each document, the Court considers whether "higher values" warrant sealing, and whether the sealing is narrowly tailored. Because the documents are submitted in connection with a non-dispositive discovery motion, the weight of the presumption of the right of public access is not as great as it would be for documents submitted in connection with a motion on the merits. *Id.*

### 1. The Email Chain – ECF No. 68-2

Defendants attached as an exhibit to their opposition brief an email chain between counsel for TP-Link and TPC and counsel for Signify discussing an exchange of documents in relation to a potential settlement of the dispute at hand. The parties argue that sealing is necessary to protect certain sensitive business information of Defendants and their customers, and to protect the confidentiality of the settlement discussions. The Court agrees that portions of the exhibit implicate sensitive information, but finds that other portions of the exhibit are relevant to the arguments on the motion to compel and do not implicate particularly sensitive information. Sealing the entire exhibit would therefore not be narrowly tailored.

Accordingly, the motion to seal the entire exhibit is denied. The parties may file a renewed motion that suggests *narrowly tailored* redactions of the exhibit, covering only truly sensitive information that implicates some higher value. The renewed motion should explain what higher values would be preserved by each proposed redaction.

**2. The Licensing Agreement – ECF No. 68-3**

In support of their opposition to the motion to compel, TP-Link attached a portion of the licensing agreement that is at issue in this litigation. The excerpted language discusses definitions of terms within the agreement. The parties argue this exhibit should be sealed because the agreement, by its own terms, prohibits public disclosure, and because the parties designated it "Confidential" under the Protective Order. However, bargained-for confidentiality, including through a protective order, is not sufficient to overcome the presumption of public access to a judicial document. *Dodona I, LLC*, 119 F. Supp. 3d at 155.

The parties also argue that disclosure of the agreement could reveal certain contractual terms that could indicate sales volumes to competitors. To the extent the agreement reveals information that could actually indicate sales volumes, the Court agrees that such information constitutes sensitive business information that warrants sealing, at least for now.[1] However, because most of the exhibit does not include such information, sealing the entire exhibit would not be narrowly tailored.

Finally, the parties argue that the agreement was the culmination of efforts to settle a potential dispute, and that public disclosure would intrude "into the settlement bargaining table." (ECF No. 67.) This argument is unavailing because the parties have chosen to litigate

---

[1] At this stage, information regarding sales volumes is irrelevant to the Court's decision on the motion to compel, and therefore the parties' interest in protecting this information outweighs the public's right to access. *However*, as this case progresses, the terms of the contract will likely become highly relevant, and the parties should not expect the Court to decide the merits of the dispute while keeping the terms of the contract secret. *Delta Air Lines, Inc. v. Bombardier, Inc.,* 462 F. Supp. 3d 354, 357-58 (S.D.N.Y. 2020). Accordingly, the parties should meet and confer in good faith regarding whether there is a need to file any portions of the agreement under seal. If the parties agree in writing that no portions of the agreement need to be filed under seal, the document can be filed without redaction and such filing will not be a breach of any Stipulation of Confidentiality.

this contract dispute in federal court, and as such they cannot expect the entire contract to be kept hidden from the public.

Accordingly, the parties' motion to seal the entire exhibit is denied. The parties may file a renewed motion to seal that suggests *narrowly tailored* redactions of those portions of the exhibit that actually implicate sensitive business information. The renewed motion should explain what higher values are preserved by each proposed redaction.

### 3. The Opposition Brief – ECF No. 68

The parties argue that portions of TP-Link's opposition brief should be redacted because these portions quote "confidential information" from the licensing agreement. The proposed redacted language quotes the definitions of "licensee" and "affiliate" as defined in the agreement, and quotes language regarding which parties would be responsible for paying for sales and royalties. The parties have not stated why or how disclosure of these simple definitions and terms would be harmful, or what higher values would be protected in sealing this information. Accordingly, the motion to file the opposition brief with redactions is denied.

### CONCLUSION

The parties' motion to seal is denied without prejudice to a renewed motion that proposes narrowly tailored redactions of the two exhibits. Any renewed motion must be filed by **September 9, 2022**. The documents will remain under seal pending submission of a renewed motion. In the event a renewed motion is not filed by September 9, 2022, the Court will issue a separate order instructing the clerk of the court to unseal the documents.

**The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 67.**

**SO ORDERED.**

DATED: New York, New York
August 26, 2022

_____
KATHARINE H. PARKER
United States Magistrate Judge