USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/2022

Because the parties withdraw their motion to seal ECF No. 68-2, the Clerk of the Court is respectfully directed to unseal the document at ECF No. 68-2.

As to ECF No. 68-3, the parties' proposed redactions are narrowly tailored in order to protect commercially sensitive information, the public disclosure of which could harm the parties. Accordingly, sealing is warranted in light of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006), and its progeny. The Court thanks the parties for re-filing ECF No. 68-3 with redactions.

**VIA ECF**

September 9, 2022

SO ORDERED:

Honorable Katharine H. Parker
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   9/12/2022

Re:    Civil No. 1:21-cv-09472-JGK-KHP

Dear Judge Parker:

On August 19, 2022, the parties jointly moved to file two documents under seal pursuant to Federal Rule of Civil Procedure 5.2, Your Honor's Individual Rule of Practice III(d), and the parties' Stipulated Protective Order (the "Protective Order"). *See* Dkt. 67 (joint motion to seal); Dkt. 68-2 (proposed sealed Ex. 1); Dkt. 68-3 (proposed sealed Ex. 2). Your Honor denied the motion to seal without prejudice and gave the parties the opportunity to file "a renewed motion that proposes narrowly tailored redactions of the two exhibits." Dkt. 72 at 5.

The parties hereby withdraw their motion to seal as to Exhibit 1 (Dkt. 68-2).

The parties now request that Exhibit 2 (Dkt. 68-3) be lightly redacted. The proposed redaction is shown highlighted in the attachment. This redaction keeps confidential an amount paid which Defendants contend could indicate sales volumes to competitors. *See* Dkt. 72 at 4 (finding information that could indicate "sales volumes" may be redacted). Courts routinely permit sealing and redaction of such information. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *Encyclopedia Brown Prods., Ltd. v. Home Box Office. Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) (recognizing need to seal information that might "harm a litigant's competitive standing").

The parties respectfully request that the Court grant the renewed motion to seal.

Respectfully submitted,

/s/ Kristopher L. Reed
Brian D. O'Reilly
Kilpatrick Townsend & Stockton LLP
1114 Avenue of the Americas, 21st floor
New York, NY, USA, 10036-7703
boreilly@kilpatricktownsend.com

/s/ Jeremy P. Oczek
Jeremy P. Oczek
Heath J. Szymczak (*pro hac vice*)
Avant Building, Suite 900
200 Delaware Avenue
Buffalo, New York 14202

Honorable Katharine H. Parker
September 9, 2022
Page 2

Telephone: (212) 775-8700
Facsimile: (212) 775-8800

Kristopher L. Reed (*pro hac vice*)
Kilpatrick Townsend & Stockton LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
kreed@kilpatricktownsend.com
Telephone: (214) 922-7100
Facsimile: (214) 922-7101

Kevin M. Bell (*pro hac vice*)
Edward J. Mayle (*pro hac vice*)
Kilpatrick Townsend & Stockton LLP
1400 Wewatta St., Ste. 600
Denver, CO 80202
tmayle@kilpatricktownsend.com
Telephone: (303) 571-4000
Facsimile: (303) 571-4321

*Counsel for Defendants*

Telephone: (716) 416-7000
Email: jpoczek@bsk.com
Email: hszymczak@bsk.com

*Counsel for Plaintiff*